UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

GILMER RODRIGUEZ-NOLASO, A-222-561-848,

Petitioner,

v.

WARDEN, GOLDEN STATE ANNEX DETENTION FACILITY, et al.,

Respondents.

No. 1:26-cv-05479-TLN-CKD P

FINDINGS & RECOMMENDATIONS

Petitioner Gilmer Rodriguez-Nolasco is detained by Immigrations and Customs Enforcement ("ICE") and filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. (ECF No. 1.) Respondent filed an opposition to the petition. (ECF No. 6.) This matter is referred to the undersigned by operation of Local Rule 302(c)(17) pursuant to 28 U.S.C. § 636(b)(1) and the court's minute order dated July 16, 2026. (ECF No. 4.) For the following reasons, the undersigned recommends the petition be granted and petitioner be immediately released from custody.

**I. Background**

Under the petition's allegations, which are undisputed by respondent, petitioner is a native and citizen of Guatemala who entered the United States without inspection in 2016 and has resided in the country for the past ten years. (ECF No. 1, ¶ 13.) On or about June 18, 2026,

petitioner was detained by the Department of Homeland Security (DHS). (Id., ¶ 2.) Since being detained on or about June 18, 2026, petitioner has not been provided any opportunity to appear before an immigration judge and request bond. (Id., ¶ 15.)

Petitioner filed the pending petition on July 15, 2026, claiming respondents are violating the INA and his rights under Fifth Amendment Due Process Clause by detaining him without any individualized consideration for bond. (ECF No. 1, ¶¶ 25-44.) Petitioner requests immediate release from custody or, alternately, an individualized bond hearing before an immigration judge. (Id. at 9.)

Respondents oppose the petition, stating that because petitioner entered the United States illegally, he is an "applicant for admission" subject to mandatory immigration detention under 8 U.S.C. § 1225(b). (ECF No. 6 at 1.) Respondents further assert petitioner does not possess the right to freedom from immigration detention in any other form than that provided by Congress. (Id.) Respondents nevertheless concede that this case is in the category of immigration habeas cases for which judges of this district court have typically ordered immediate release. (Id.)

## II. Legal Standard

The Constitution guarantees the availability of the writ of habeas corpus "to every individual detained within the United States." Hamdi v. Rumsfeld, 542 U.S. 507, 525 (2004) (citing U.S. Const., Art I, § 9, cl. 2). A writ of habeas corpus may be granted to a petitioner in custody in violation of the Constitution or federal law. 28 U.S.C. § 2241(c)(3). A district court's habeas jurisdiction includes challenges to immigration detention. See Zadvydas v. Davis, 533 U.S. 678, 687 (2001).

## III. Discussion

Petitioner was living in the United States for a significant period of time—ten years—prior to being detained on or about June 18, 2026. The applicable detention authority is 8 U.S.C. § 1226. See, e.g., Gutierrez v. Chestnut, No. 1:25-cv-1515 DAD AC (HC), 2025 WL 3514495, at *4 (E.D. Cal. Dec. 8, 2025); accord Hernandez Alvarez v. Warden, Fed. Det. Ctr. Miami, 175 F.4th 1258, 1278-81 (11th Cir. 2026) (holding § 1226 supplies the default rule of detention for a [a noncitizen] arrested and detained in the interior); Castañon-Nava v. DHS, 161 F.4th 1048,

1060-62 (7th Cir. 2025) (concluding DHS is "not likely to succeed on the merits of their argument that those individuals, whom ICE arrested without a warrant [in the interior of the United States], are subject to mandatory detention under § 1225(b)(2)(A)"). But see Buenrostro-Mendez v. Bondi, 166 F.4th 494, 502 (5th Cir. 2026) (individuals who have never been formally admitted into the United States and who are arrested in the interior of the country are properly subject to detention under § 1225(b)(2)); Avila v. Bondi, 170 F.4th 1128 (8th Cir. 2026) (same).

Under 8 U.S.C. § 1226(a), the government has discretion whether to release or detain an individual, subject to "extensive procedural protections… including several layers of review of the agency's initial custody determination, an initial bond hearing before a neutral decisionmaker, the opportunity to be represented by counsel and to present evidence, the right to appeal, and the right to seek a new hearing when circumstances materially change." Rodriguez Diaz v. Garland, 53 F.4th 1189, 1202 (9th Cir. 2022). Section 1226(a) expressly authorizes release on bond or conditional parole. See 8 U.S.C. § 1226(a)(1)-(2).

Having determined petitioner is subject to the discretionary detention scheme in 8 U.S.C. § 1226(a), the undersigned concludes habeas relief is warranted. Respondents do not assert petitioner failed to comply with conditions of any prior release by immigration officials, if applicable. Respondents do not proffer any facts suggesting petitioner is a danger to the public or a flight risk. The record contains no evidence respondents complied with the requirements for petitioner's arrest and detention under the authority of § 1226. By not providing petitioner a bond hearing under § 1226(a), at a minimum, respondents are violating petitioner's federal rights.

As set forth, respondents contend petitioner was detained pursuant to 8 U.S.C. § 1225(b)(2) and do not articulate an alternative basis for the detention. Under the circumstances of this case, the appropriate relief would be petitioner's immediate release. See, e.g., Lepe v. Andrews, 801 F. Supp. 3d 1104, 1119 (E.D. Cal. 2025) ("Given that the government does not assert any other basis for petitioner's detention and does not argue that petitioner presents a flight risk or danger, the appropriate remedy is petitioner's immediate release.).

The court's adoption of these findings and recommendations would resolve the pending habeas petition on its merits, and no further briefing is necessary. Resolution in the manner

recommended would provide the full scope of relief petitioner requests and the court need not separately analyze all claims presented in the petition.

**IV. Recommendation**

For the reasons set forth above**,** IT IS RECOMMENDED as follows:

1. The court grant petitioner's application for a writ of habeas corpus under 28 U.S.C. § 2241.
2. Respondents be ordered to RELEASE petitioner IMMEDIATELY and, at the time of release, return all of petitioner's documents and possessions.
3. Respondents be ENJOINED AND RESTRAINED from re-detaining petitioner unless they provide 7 days' notice to petitioner and a pre-deprivation bond hearing before a neutral arbiter pursuant to 8 U.S.C. § 1226(a) and its implementing regulations, at which petitioner's eligibility for bond must be considered.
4. The Clerk of the Court be directed to enter judgment and close this case.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within **five (5)** days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any response to the objections shall be served within seven (7) days after service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated: July 27, 2026

CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

8 rodr5479.mer